KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

Attorneys for Defendant Amazon.com
Services LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NIPUN SHARMA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Foreign Limited Liability Company; MAJOR LUTIE FITNESS, a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.  24-2166<br><br>**AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |

Defendant Amazon.com Services LLC ("Amazon"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, removes this civil action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada, unofficial Southern Division, based on diversity of citizenship and amount in controversy. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

KAEMPFER

CROWELL

As a short and plain statement of the grounds for removal, Amazon states the following:

## I.   BACKGROUND

Plaintiff Nipun Sharma ("Plaintiff") filed this action on October 7, 2024 in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-903374-C. (*See* Ex. A, Docket (last accessed Nov. 19, 2024)).

Plaintiff alleges that on January 15, 2024 in his Clark County, Nevada home, a piece of exercise equipment he purchased from Amazon's store broke while he was using it, causing him to fall to the ground and hit his head. (Ex. B, Compl. ¶¶ 13–15). He alleges he sustained permanent injuries resulting in medical expenses, lost wages, and pain and suffering. (*Id*. at ¶¶ 20, 26, 31, 35, 41, and 45). Plaintiff asserts claims against Amazon and Major Lutie Fitness for strict product liability, negligence, breach of express warranties, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. (*Id*. at ¶¶ 16–45).

## II.   REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). Complete diversity must exist at the time of removal. *Id*. at 1132; *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

KAEMPFER
CROWELL

Plaintiff is a resident and citizen of Nevada. (*See* Ex. B, Compl. ¶ 1).

Neither of the defendants are citizens of Nevada.

Defendant Major Lutie Fitness is a citizen of Georgia. (*See* Ex. B, Compl. ¶ 3, alleging Major Lutie Fitness is a foreign corporation; *see also* Ex. B, Aff. of Service, Plaintiff served Major Lutie Fitness's registered agent in Georgia).

Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens." *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.

The various Doe and Roe business entities also do not affect jurisdiction because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

**B.    The amount in controversy exceeds $75,000.**

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Plaintiff alleges he "f[e]ll to the ground and hit[] his head on the ground," which resulted in "medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00." (Ex. B, Compl. ¶¶ 14, 20). Considering the injuries Plaintiff contends he incurred, Plaintiff's total requested damages as alleged in his complaint

KAEMPFER
CROWELL

likely exceed $75,000. *See Ballard v. Best Buy Stores, L.P.*, No. 2:14-CV-2058-JCM-PAL, 2015 WL 357112, at *3 (D. Nev. Jan. 27, 2015) (denying plaintiff's motion to remand and finding it appeared likely that plaintiff's total requested damages exceeded $75,000 where she characterized her injuries as permanent and disabling and requested multiple categories of past and future damages).

For each of his six causes of action, Plaintiff attributes damages "in excess of $15,000" to "all defendants" for injuries he has sustained. (Ex. B, Compl. ¶¶ 20, 26, 31, 35, 41, 45). Additionally, Plaintiff seeks "[g]eneral damages," "special damages for medical and incidental expenses incurred and to be incurred," "punitive damages," and "special damages for lost earnings and earning capacity," each category "in excess of $15,000." (*Id.* at p. 6). Based on these allegations, the total amount in controversy for past and future damages on plaintiff's claims exceeds $75,000. *See Martinez v. Walmart, Inc.*, No. 2:20-CV-1065-JCM-DJA, 2020 WL 10457841, at *2 (D. Nev. Aug. 10, 2020) ("an objective read of the damages was to total them—not assume they were duplicative of one another.").

**C.    Major Lutie Fitness consents to removal.**

Consent is required from "all defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Here, Major Lutie Fitness consented to removal in a declaration it provided to Amazon. (Ex. C).

**D.    Removal is timely.**

This notice is timely. The Complaint was served upon Amazon on October 22, 2024, so the thirty-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

KAEMPFER
CROWELL

## III.    VENUE AND NOTIFICATION TO STATE COURT

**A.    This Court is the appropriate venue for this action.**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

**B.    Amazon is providing notice to the state court.**

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

**C.    Pleadings in the state court action are included.**

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (*See* Ex. B).

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorneys for Defendant Amazon.com
Services LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of **AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** was made on today's date by submitting electronically filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System and/or by e-mail to the addressee(s) shown below:

Boyack Law Group
Bryan A. Boyack
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
bryan@boyacklawgroup.com

Attorney for Plaintiff

DATED: November 20, 2024       */s/ Morganne Westover*
                              An employee of Kaempfer Crowell

KAEMPFER

CROWELL

# EXHIBIT A

# EXHIBIT A

Case 2:24-cv-02166-APG-DJA   Document 1   Filed 11/20/24   Page 8 of 21

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search  Back     Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-24-903374-C

| | | |
|---|---|---|
| **Nipun Sharma, Plaintiff(s) vs. Amazon.com Services LLC, Defendant(s)** § § § § § § | Case Type: | **Product Liability** |
| | Date Filed: | **10/07/2024** |
| | Location: | **Department 27** |
| | Cross-Reference Case Number: | **A903374** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | **Amazon.com Services LLC** | |
| **Defendant** | **Major Lutie Fitness** | |
| **Plaintiff** | **Sharma, Nipun** | **Bryan A. Boyack** *Retained* 702-744-7474(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/07/2024 | **Complaint** | **Doc ID# 1** |
| | [1] Complaint | |
| 10/07/2024 | **Initial Appearance Fee Disclosure** | **Doc ID# 2** |
| | [2] Initial Appearance Fee Disclosure | |
| 10/07/2024 | **Demand for Jury Trial** | **Doc ID# 3** |
| | [3] Demand for Jury Trial | |
| 10/07/2024 | **Summons Electronically Issued - Service Pending** | **Doc ID# 4** |
| | [4] Summons for Defendant Amazon.com Services LLC | |
| 10/07/2024 | **Summons Electronically Issued - Service Pending** | **Doc ID# 5** |
| | [5] Summons for Defendant Major Lutie Fitness | |
| 10/23/2024 | **Affidavit of Service** | **Doc ID# 6** |
| | [6] AOS | |
| 10/23/2024 | **Affidavit of Service** | **Doc ID# 7** |
| | [7] AOS | |
| 11/01/2024 | **Affidavit of Service** | **Doc ID# 8** |
| | [8] Affidavit of Service | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Sharma, Nipun | | | |
| Total Financial Assessment | | | 270.00 |
| Total Payments and Credits | | | 270.00 |
| **Balance Due as of 11/19/2024** | | | **0.00** |
| 10/09/2024 | Transaction Assessment | | 270.00 |
| 10/09/2024 | Efile Payment | Receipt # 2024-78794-CCCLK | Sharma, Nipun | (270.00) |

# EXHIBIT B

# EXHIBIT B

Electronically Filed
10/7/2024 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, Nevada 89134
Phone: (702) 744-7474
Fax:     (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiff*

CASE NO: A-24-903374-C
Department 27

## DISTRICT COURT

## CLARK COUNTY, NEVADA

NIPUN SHARMA, individually,

Plaintiff,

vs.

AMAZON.COM SERVICES, LLC, a Foreign
Limited Liability Company; MAJOR LUTIE
FITNESS, a Foreign Corporation; DOES 1
through 20; and ROE CORPORATIONS 1
through 20, inclusive,

Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

Plaintiff, NIPUN SHARMA, by and through his undersigned counsel, BRYAN A. BOYACK, ESQ. of BOYACK LAW GROUP, hereby complains and alleges as follows:

1. At all times mentioned, Plaintiff, NIPUN SHARMA, is a resident of Clark County, State of Nevada.

2. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendant, AMAZON.COM SERVICES, LLC, was and is a foreign limited liability company doing business in Clark County, State of Nevada.

3. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendant, MAJOR LUTIE FITNESS, was and is a foreign corporation doing business in Clark County, State of Nevada.

4. All the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

Page 1 of 6

5.     That Defendant DOES 1-5 and ROE BUSINESS ENTITIES 1-5, inclusive, are foreign or domestic designers and/or manufacturers of the defective power cage or its component parts complained of herein.

6.     That Defendant DOES 6-10 and ROE BUSINESS ENTITIES 6-10, inclusive, are foreign or domestic suppliers, distributors and/or retailers of the defective power cage or its component parts complained of herein and/or are agents otherwise involved with placing the power cage within the stream of commerce as related to the present matter.

7.     That Defendant DOES 11-15 and ROE BUSINESS ENTITIES 11-15, inclusive, are mechanics, supervisors, managers, agents and/or employees of Defendants.

8.     That Defendant DOES 16-20 and ROE BUSINESS ENTITIES 16-20, inclusive, are successor business entities that may have purchased, merged, or otherwise have a corporate partnership with AMAZON.COM SERVICES, LLC and/or MAJOR LUTIE FITNESS and assumed liability for claims against AMAZON.COM SERVICES, LLC and/or MAJOR LUTIE FITNESS

9.     That the true names and capacities of the Defendants designated herein as DOE or ROE BUSINESS ENTITIES are presently unknown to Plaintiffs at this time. Therefore, Plaintiffs sue said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

10.     That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

11.     That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES was in some manner negligently, strictly or otherwise responsible for the events and happenings referred to and caused damages to Plaintiffs as herein alleged.

12.     Plaintiffs will ask leave of the court to amend the Complaint to insert the true names of such defendants when the same have been ascertained.

///

///

///

Page 2 of 6

## FACTUAL ALLEGATIONS

13.    On January 15, 2024, Plaintiff, SHARMA was doing crunches in his residence using a MAJOR LUTIE Power Cage, PLM03 1400 lbs. Multi-Function Power Rack with Adjustable Cable Crossover System and More Training Attachment (hereinafter "Subject Power Cage").

14.    On January 15, 2024, the Subject Power Cage cable broke while Plaintiff was using it, causing him to fall to the ground and hitting his head on the ground.

15.    On January 15, 2024, the Subject Power Cage was sold, stored, inspected, tested, manufactured, designed and controlled by Defendant AMAZON.COM SERVICES, LLC.

## FIRST CAUSE OF ACTION
### (Strict Product Liability as to all Defendants)

16.    Plaintiffs repeat and reallege paragraphs 1-16 as though the same were fully set forth at length herein.

17.    At the time the Subject Power Cage was placed in the stream of commerce by Defendants, the Subject Power Cage was defective and unreasonably dangerous, without limitation, as follows:

      i.    Defects in the design of the Subject Power Cage;

      ii.    Defects in the manufacture of the Subject Power Cage;

      iii.    Defects in the warnings or labels accompanying the Subject Power Cage; and

      iv.    Other defects that may later be revealed during discovery.

18.    The failure of the Subject Power Cage, and the damages sustained by Plaintiff were a direct and proximate result of the defects in the Subject Power Cage, which was being used in the manner intended by the manufacturers or in a manner unintended but foreseeable by the manufacturers.

19.    Defendants are strictly liable for the injuries and damages sustained by Plaintiff.

20.    Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### (Negligence as to all Defendants)

21.    Plaintiffs repeat and reallege paragraphs 1-20 as though the same were fully set forth at length herein.

22.    Defendants had a duty to Plaintiff to exercise reasonable care in its design, testing, manufacturing, sale, examining, maintaining, repairing and/or certification of the Subject Power Cage.

23.    Defendants failed to exercise the reasonable care in its design, testing, manufacturing, sale, examination, maintenance, repair and/or certification of the Subject Power Cage.

24.    Defendants' acts and/or omissions are the proximate and legal cause of the failure of the Subject Power Cage and the damages sustained by Plaintiff.

25.    Plaintiff sustained injuries and damages as a result of Defendants' breach of their duty/duties.

26.    Defendants' negligence was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranties as to all Defendants)

27.    Plaintiffs repeat and reallege paragraphs 1-26 as though the same were fully set forth at length herein.

28.    Defendants expressly warranted that the Subject Power Cage were free from defects.

29.    Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the Subject Power Cage.

30.    Plaintiff sustained injuries and damages as a result of Defendants' breach.

31.    Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability as to all Defendants)

32.    Plaintiffs repeat and reallege paragraphs 1-31 as though the same were fully set forth at length herein.

33.    Defendants breached the implied warranty of merchantability of the Subject Power Cage, and their breach of warranty was the proximate and legal cause of the failure of the Subject Power Cage.

34.    Plaintiff sustained injuries and damages as a result of Defendants' breach.

35.    Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

## FIFTH CAUSE OF ACTION
**(Breach of Implied Warranty of Fitness for a Particular Purpose as to all Defendants)**

36.    Plaintiffs repeat and reallege paragraphs 1-35 as though the same were fully set forth at length herein.

37.    Defendants had reason to know:

a.    the particular purpose for which the Subject Power Cage would be used; and

b.    that Plaintiff was relying on Defendants' skill and judgment to provide a suitable product.

38.    Defendants implicitly warranted that the Subject Power Cage were fit for the particular purpose for which it was required.

39.    Defendants breached their implied warranty of fitness for a particular purpose, and its breach of warranty was the proximate and legal cause of the failure of the Subject Power Cage.

40.    Plaintiff sustained injuries and damages as a result of Defendants' breach.

41.    Defendants' breach was the actual and proximate cause of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain and suffering in an amount in excess of $15,000.00.

## SIXTH CAUSE OF ACTION
**(Punitive Damages as to all Defendants)**

42.    Plaintiffs repeat and reallege paragraphs 1-41 as though the same were fully set forth at length herein.

43.    That at all times relevant herein, Defendants acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff.

44.    That, specifically, Defendants' conduct gives rise to and supports a claim for punitive damages pursuant to NRS 42.005.

Page 5 of 6

45.     That as a direct and proximate result of the acts of Defendants, Plaintiff has incurred damages and is thereby entitled to punitive damages in excess of $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1.     General damages in an amount in excess of $15,000.00;

2.     Special damages for medical and incidental expenses incurred and to be incurred, but in excess of $15,000.00;

3.     Punitive damages in an amount in excess of $15,000.00;

4.     Special damages for lost earnings and earning capacity in excess of $15,000.00;

5.     Reasonable attorney's fees and costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.

Dated this   7th   day of October, 2024.

BOYACK LAW GROUP

*/s/ Bryan A. Boyack*

BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
1707 Village Center Circle, Suite 100
Las Vegas, NV 89134
Phone:  (702) 744-7474
*Attorneys for Plaintiff*

**Electronically Filed**
**10/7/2024 4:13 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**DMJT**
BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
BOYACK LAW GROUP
1707 Village Center Circle, Suite 100
Las Vegas, NV 89134
Phone:  (702) 744-7474
Fax:     (702) 623-4746
bryan@BoyackLawGroup.com
*Attorneys for Plaintiff*

CASE NO.: A-24-903374-C

Department 27

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| NIPUN SHARMA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Company; MAJOR LUTIE FITNESS, a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NIPUN SHARMA, by and through his undersigned counsel, BRYAN A. BOYACK, ESQ. of BOYACK LAW GROUP, hereby demand a trial by jury of all issues in the pending lawsuit.

Dated this  7ᵗʰ  day of October, 2024.

BOYACK LAW GROUP

*/s/ Bryan A. Boyack*

BRYAN A. BOYACK, ESQ.
Nevada Bar No.: 9980
1707 Village Center Circle, Suite 100
Las Vegas, NV 89134
Phone:  (702) 744-7474
*Attorneys for Plaintiff*

Page 1 of 1

**AFFIDAVIT OF SERVICE**

Electronically Filed
11/1/2024 10:00 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-24-903374-C | Court:<br>Clark County District Court | County:<br>Clark, NV | Job:<br>12027... |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Nipun Sharma | | **Defendant / Respondent:**<br>Amazon.Com Services, LLC, et al | |
| **Received by:**<br>Lee Process Service, LLC | | **For:**<br>Boyack Law Group | |
| **To be served upon:**<br>Major Lutie Fitness | | | |

I, Jeremy Lee, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Hu Guo, 2393 Birkhall Way, Lawrenceville, GA 30043

**Manner of Service:**    Registered Agent, Oct 29, 2024, 7:08 pm EDT

**Documents:**    Summons and Complaint

**Additional Comments:**
1) Successful Attempt: Oct 29, 2024, 7:08 pm EDT at 2393 Birkhall Way, Lawrenceville, GA 30043 received by Hu Guo. Age: 40; Ethnicity: Asian American; Gender: Male; Weight: 170; Height: 5'9"; Hair: Black; Eyes: Brown; Relationship: Spouse of registered agent;
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____   _____
                                     10/29/2024
Jeremy Lee                          **Date**
Gwinnett County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
Nevada License 1914

**AFFIDAVIT OF SERVICE**

Electronically Filed
10/23/2024 10:02 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-24-903374-C | Court:<br>Clark County District Court | County:<br>Clark, NV | Job:<br>1202701 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Nipun Sharma | | **Defendant / Respondent:**<br>Amazon.Com Services, LLC, et al | |
| **Received by:**<br>Serve Vegas LLC | | **For:**<br>Boyack Law Group | |
| **To be served upon:**<br>Amazon.Com Services, LLC | | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | KRIS OSBORN , Corporate: 112 North Curry Street, Carson City, NV 89703 |
| **Manner of Service:** | Registered Agent, Oct 22, 2024, 12:25 pm PDT |
| **Documents:** | Summons and Complaint |

**Additional Comments:**
1) Successful Attempt: Oct 22, 2024, 12:25 pm PDT at Corporate: 112 North Curry Street, Carson City, NV 89703 received by KRIS OSBORN .
Age: 57; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.


Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


_____  10/22/2024

Richard Reese                    **Date**
PILB#1505


Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

# EXHIBIT C

# EXHIBIT C

KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

Attorneys for Defendant Amazon.com
Services LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NIPUN SHARMA, individually;<br><br>                    Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Foreign Limited Liability Company; MAJOR LUTIE FITNESS, a Foreign Corporation; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DECLARATION OF CONSENT TO REMOVAL** |

On behalf of defendant Major Lutie Fitness ("Major Lutie"), the undersigned declares as follows:

1.    Major Lutie is a defendant in the case captioned *Nipun Sharma v. Amazon.com Services LLC, et al.,* Case No. A-24-903374-C, in the Eight Judicial District Court, Clark County, Nevada.

2.    Major Lutie consents to its co-defendant Amazon.com Services, LLC's filing of a Notice of Removal, removing the above-named case from the Eighth

KAEMPFER
CROWELL

Page 1 of 2

Judicial District Court to the United States District Court, District of Nevada.

3.   I have authority to make this statement and grant consent for removal on behalf of Major Lutie.

4.   I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on November __19__, 2024.

Major Lutie Fitness


By: _____

Name: _____汪_____

Title: __Secretary_____

.

.